UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BASHKIM GUDA,

    Plaintiff,

v.                             Case No: 2:16-cv-823-FtM-99MRM

MCCLURE AND GRIGSBY, P.A.,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Amended Motion for Judgment on the Pleadings (Doc. #20) filed on February 24, 2017. Plaintiff filed a Response on March 31, 2017 (Doc. #23); a Reply (Doc. #26) and Sur-Reply (Doc. #29) were also filed. For the reasons set forth below, the motion is denied.

**I.**

On November 8, 2016, plaintiff Bashkim Guda (plaintiff or Guda) filed a three-count Complaint (Doc. #1) alleging that defendant McClure and Grigsby, P.A., a debt collection agency, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, by attempting to collect a debt that had been discharged in plaintiff's bankruptcy proceedings. Defendant has filed a motion for judgment on the pleadings, arguing that the Rooker-Feldman doctrine bars federal jurisdiction of plaintiff's claims.

The underlying material facts, as set forth in plaintiff's Complaint and attachments, are as follows:

**A. Bankruptcy Proceedings**

In October 2009, plaintiff and his wife filed a joint Chapter 13 bankruptcy petition. (Doc. #1, ¶ 6; Doc. #1-1.) In the bankruptcy schedules (Doc. #1-2) plaintiff listed a debt to "The Greens @ Fountain Lakes" (The Greens) for $6,086.44 in unpaid condominium association assessments in connection with property located at 3140 Season Way, #503, Estero, FL 33928 (the Property). (Id., ¶ 7.) Plaintiff also listed The Greens in the Creditor Matrix filed with the bankruptcy petition. (Doc. #1-3.) The Complaint states that plaintiff indicated that he would surrender the Property in his bankruptcy in full satisfaction of the debt. (Doc. #1, ¶ 7.) The Chapter 13 Plan, attached as Exhibit E to the Complaint and dated October 9, 2009, provides that plaintiff "will surrender the following collateral in full satisfaction of the secured portion of the claim, and the creditor is specifically allowed to amend its claim to include an unsecured portion. Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral." (Doc. #1-5, p. 3.) The Greens @ Fountain Lakes is included in the list of creditors, and

3140 Seasons Way #513 is included as collateral to be surrendered. Id.)

The Bankruptcy Court mailed the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines notice, as well as plaintiff's Chapter 13 Plan, to all creditors listed on the Creditor Matrix, including The Greens. (Doc. #1-4.) On December 7, 2009, the meeting of creditors was held; neither the Greens nor defendant attended the meeting. (Doc. #1, ¶ 12.) On June 24, 2010, the Bankruptcy Court entered an Order Confirming [Chapter 13] Plan. (Doc. #1-6.) On February 2, 2015, the Bankruptcy Court entered an order of discharge, which was mailed to all creditors, including The Greens. (Doc. #1-7.) Neither The Greens nor defendant objected to the order of discharge.

**B. Subsequent State Court Lawsuit**

On or about November 30, 2015, The Greens, by and through its attorneys at McClure and Grigsby, P.A., filed a lawsuit against plaintiff in the County Court for Lee County, Florida, Small Claims Division, Case No. 15-SC-005822. The "Statement of Claim" (Doc. #1-8) set forth that Bashkim Guda owed The Greens at Fountain Lakes Condominium Association, Inc. $4,853.81 for association assessments from October 23, 2009 through July 11, 2014. Plaintiff alleges in the current case that this small claims lawsuit was filed to collect condominium association assessments which had been discharged in the bankruptcy case. (Doc. #1, ¶ 17;

Doc. #1-8.) Guda failed to appear in the small claims case, and a Final Judgment was entered in that lawsuit on February 5, 2016. (Doc. #1-9.) The Final Judgment included assessments due from October 24, 2009 (which it noted was a "post-bankruptcy filing date") to July 11, 2014, a 2014 special assessment, costs, and attorney's fees in the total amount of $6,749.61, plus interest per annum. (Id.)

Plaintiff alleges that the small claims lawsuit was filed to collect debt which had been discharged in his bankruptcy case and was no longer owed. (Doc. #1, ¶17.) Plaintiff further alleges that defendant's attempt to collect this debt violates several provisions of the FDCPA because the debt in question was not excepted from bankruptcy discharge. (Id., ¶ 19.)

**II.**

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts. We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." Interline Brands, Inc. v. Chartis Specialty Ins. Co., 749 F.3d 962, 965 (11th Cir. 2014) (internal citation omitted). See also Bankers Ins. Co.

v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998).

The Rooker-Feldman[1] doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). Under the Rooker-Feldman doctrine, "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). Accordingly, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Supreme Court has found Rooker-Feldmen to apply in only two occasions – once in Rooker, and again in Feldman. The Supreme Court has repeatedly cautioned that the doctrine is limited to cases brought by state court losers which invite federal district courts to review and reject state court final judgments. Exxon Mobil Corp., 544 U.S.

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

at 284; Skinner v. Switzer, 582 U.S. 521, 531 (2011); Lance v. Dennis, 546 U.S. 459, 463 (2006).

**III.**

Here, a judgment on the pleadings is not appropriate because there are disputed issues of material fact and, viewing the facts as set forth in the Complaint, defendant is not entitled to judgment as a matter of law based on the substance of the pleadings. Plaintiff asserts these assessments were discharged in bankruptcy; defendant asserts they were not. The Court cannot tell from the attachments to the Complaint.

Additionally, Rooker-Feldman does not bar federal court jurisdiction over this FDCPA case because it does not apply. Plaintiff's Complaint does not ask the federal court to do anything with respect to the state Final Judgment. It does not seek to have the state judgment set aside or vacated, or declared to be wrong, or reopened for further consideration. The Complaint in the federal cases simply seeks damages for the FDCPA violations. It is conceivable that plaintiff could get his FDCPA damages and still be liable on the state judgment. In addition, the state case may or may not have been over when the federal lawsuit was filed, since plaintiff has moved in the state case to vacate the

judgment.[2] See Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066 (11th Cir. 2013).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Amended Motion for Judgment on the Pleadings (Doc. #20) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[2] The Court takes judicial notice of Case No. 15-SC-005822, the small claims case brought by The Greens against plaintiff to recover for past assessments.